VINCENT HONG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hong v. Commissioner
Docket No. 15676-91
United States Tax Court
T.C. Memo 1993-267; 1993 Tax Ct. Memo LEXIS 270; 65 T.C.M. (CCH) 2975; June 17, 1993, Filed *270 For respondent: Elaine L. Sierra. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned for hearing to Special Trial Judge James M. Gussis pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This matter is before the Court on respondent's Motion for Summary Judgment filed September 14, 1992. The motion was submitted to the Court at a hearing held in San Francisco, California, on November 30, 1992. In the statutory notice of deficiency dated April 18, 1991, respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax Sec.
Sec.
Sec. Year
Deficiency
6653(b)(1)(A) [1]
6653(b)(1)(B)
6661
1986
$   775
$   581
50% of the
--
interest due
on $ 775
1987
8,484
6,363
50% of the
$ 2,121
interest due
on $ 8,484
1988
976
732
--
--
*271 Respondent's answer denied the allegations in the petition and further alleged: 6. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax required to be shown on petitioner's income tax return for the years 1986, 1987, and 1988 is due to fraud, the respondent alleges: (a) On his 1986 Federal income tax return, petitioner reported wages in the amount of $ 3,712 and interest in the amount of $ 64, for total income in the amount of $ 3,776. (b) On his 1987 Federal income tax return, petitioner reported wages in *272 the amount of $ 1,139 and interest in the amount of $ 106, for total income in the amount of $ 1,245. (c) Petitioner did not file a 1988 Federal income tax return. (d) By use of a bank deposits analysis, respondent determined that petitioner had additional income in the amounts of $ 3,143 for 1986, $ 28,872 for 1987, and $ 6,131 for 1988. (e) Petitioner understated his income in the amounts of $ 3,143 for 1986, $ 28,872 for 1987, and $ 6,131 for 1988. (f) Petitioner failed to provide records to respondent's Revenue Agent during the course of the audit. (g) On August 22, 1989, and October 12, 1989, petitioner made false statements to respondent's Revenue Agent. (h) Petitioner understated his income tax liability in the amount of $ 775 for 1986, $ 8,484 for 1987, and $ 976 for 1988. (i) Petitioner's conduct of underreporting his income in the amounts of $ 3,143 for 1986, $ 28,872 for 1987, and $ 6,131 for 1988 was fraudulent with the intent to evade tax. (j) Petitioner's conduct of failing to provide records to respondent's Revenue Agent was fraudulent with the intent to evade tax. (k) Petitioner's conduct of making false statements to respondent's agent during the course of *273 that agent's examination of petitioner's income tax liabilities for the years 1986, 1987, and 1988 was fraudulent with the intent to evade tax. (1) A part of the underpayment of tax required to be shown on petitioner's income tax returns for the years 1986, 1987, and 1988 is due to fraud.
Petitioner having failed to file a reply, respondent moved for entry of order that the undenied allegations in the answer be deemed admitted. Respondent's motion was granted on January 7, 1992, and the undenied affirmative allegations in respondent's answer are therefore deemed admitted. See Rule 37(c). Under Rule 121(b), summary judgment is appropriate if it is shown that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. . Respondent, as the moving party, has the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law. . Here petitioner's liability for the income tax deficiencies *274 determined by respondent and additions to tax for fraud are fully supported by the deemed admissions. See ; ; . With respect to the additions to tax for the year 1987 under section 6661, it is equally clear in view of the deemed admissions that there is a substantial understatement within the meaning of section 6661(b)(2)(A). See , affd. per curiam , affd. without published opinion . Respondent is therefore entitled to a decision, as a matter of law, with respect to the deficiency determinations for the years 1986, 1987, and 1988, and with respect to the additions to tax for fraud under section 6653(b) for the years 1986, 1987, and 1988, and the addition to tax under section 6661 for the year 1987. Consequently, we will grant respondent's motion for summary judgment *275 in the amounts of the deficiencies and additions to tax as determined in the notice of deficiency. An appropriate order and decision will be entered. Footnotes
1. For 1988 the determination is under sec. 6653(b)(1). The issues in this case are: (1) Whether petitioner had unreported taxable income in the years 1986, 1987, and 1988; (2) whether any part of the underpayments in each of the years at issue was due to fraud; and (3) whether there was a substantial understatement of tax in 1987 pursuant to section 6661. Petitioner was a resident of Union City, California, at the time the petition herein was filed.↩